(No. 88-CC-2461

BroMenn HealthCare d/b/a Brokaw Hospital, Claimant, *v.* The State of Illinois, Respondent.

*Order filed August 5, 1993.*

Markowitz & Lawrence (William B. Lawrence, of counsel), for Claimant.

Roland W. Burris, Attorney General (Christine Zeman, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Sommer, J.

This cause coming to be heard on the motion to dismiss filed by the Respondent and the motion of this

Court, due notice having been given, and this Court being fully advised, finds:

(1) That this Court is engaged in a program of clearing its dockets of cases in which no action has occurred for some years.

(2) That this claim involves a written contract between the Department of Mental Health and the Claimant to provide professional services.

(3) That this claim is for funds over and above the amount of the contract.

(4) That this Court cannot order payment of claims for professional services in excess of the written contract amount. *Brokaw Hospital v. State* (1979), 32 Ill. Ct. Cl. 810.

(5) That the Court finds it was a pre-existing practice to allow the contract amount to be over-run; and the payment of the over-run would be stipulated thereto by the Department and Attorney General.

(6) That in this claim and others in 1986, the Department and Attorney General suddenly refused to stipulate to the over-run.

(7) That this Court may not grant a judgment in *quantum meruit.*

(8) That the same subject matter and claim was briefed and decided in the claim of *Franciscan Sisters d/b/a St. Elizabeth's Hospital v. State* (1987), 86-CC-155.

(9) That this Court ruled in *Franciscan Sisters, supra,* that the claim for over-runs must be dismissed.

(10) That this Court must dismiss the present claim.

(11) That, however, the Claimant may wish to present this claim to the General Assembly due to the fact

that the pre-existing practice was suddenly changed by the Department and Attorney General.

(12) That for the purposes of presentation to the General Assembly, this Court finds that services were billed in the amount of $158,193.48 by the Claimant, and the amount was not contested by the Department, and could have been paid for but for exceeding the contract limit, which could have been amended. Additionally, according to the departmental report, sufficient funds did lapse from F.Y. 85 appropriation number 050-46220-4467-1500.

It is therefore ordered that this claim is dismissed.